**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| RAYCO TRAYLOR, | Case No. 24-cv-3758 (LMP/JFD) |
| Plaintiff, | |
| v. | |
| GARY, JOHN DOE, JANE DOE, MICHAEL WARNER, DENISE C. KEARNS, MN DEPT OF CORRECTIONS, BILL BOLIN, CASALENDA, DAN MOE, HENNEN, HAMMER, and JAMISON DOEDEN, | **ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT** |
| Respondents. | |

On January 23, 2025, the Court dismissed Plaintiff Rayco Traylor's 42 U.S.C. § 1983 complaint, ECF No. 1, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B), *see generally* ECF No. 6. In relevant part, the Court dismissed Traylor's First Amendment retaliation claim because he did not plausibly allege a causal link between his First Amendment activity and the alleged retaliatory acts. ECF No. 6 at 10–12. Traylor did not appeal.

On August 20, 2025, Traylor moved for a "rehearing" and asks the Court to reconsider its January 23 order or otherwise remand his case to state court. ECF No. 9. Traylor asserts that the Court erred in dismissing his First Amendment retaliation claim because he sufficiently pleaded causation. ECF No. 9. Traylor presents no new evidence or argument but instead insists that the allegations he already presented were sufficient. *Id.*

A party has two methods of seeking post-judgment reconsideration under the Federal Rules of Civil Procedure: (1) a motion to alter or amend a judgment under Rule 59(e), or (2) a motion for relief from judgment under Rule 60(b).  Traylor does not specify whether he seeks reconsideration under Rule 59(e) or Rule 60(b).  However, because a Rule 59(e) motion must be filed within 28 days of the judgment, *see* Fed. R. Civ. P. 59(e), Traylor's motion would be untimely if construed as such.  *Azimpour v. Select Comfort Corp.*, No. 15-cv-4296 (DSD/KMM), 2016 WL 4005669, at *1 (D. Minn. July 26, 2016).

Accordingly, the Court will construe Traylor's motion under Rule 60(b).  That rule allows a court to "relieve a party or its legal representative from a final judgment, order, or proceeding" because of: (1) the court's mistake; (2) newly discovered evidence; (3) fraud by an opposing party; (4) the judgment is void; (5) the judgment is no longer applicable; or (6) any reason that justifies relief.  Fed. R. Civ. P. 60(b).  Rule 60(b) provides for "extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances."  *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (citation omitted).  Consequently, Rule 60(b) "is not a vehicle for simple reargument on the merits."  *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

Traylor's Rule 60(b) motion consists of one paragraph asserting that the Court was wrong in dismissing his First Amendment claim.  ECF No. 9.  In so doing, Traylor merely repeats the allegations and arguments that he made in his complaint.  But in dismissing his complaint, the Court carefully considered those allegations and found them deficient.  Traylor's attempt to reargue the merits of the Court's dismissal order does not warrant extraordinary Rule 60(b) relief.  *See Broadway*, 193 F.3d at 990; *see also Maddox v. Zera*,

2

No. 20-cv-2377 (JRT/HB), 2021 WL 3711054, at *3 (D. Minn. Aug. 20, 2021) ("[R]eiterating one's initial claims does not sufficiently establish the kind of exceptional circumstances necessary to justify reconsideration under Rule 60(b)(6).") (citation omitted).

Traylor alternatively requests that the Court "remand to state court." ECF No. 9. The Court is not entirely sure what Traylor desires because his case did not originate in state court, so the Court therefore cannot "remand" back to that court. To the extent Traylor asks the Court to send his complaint to the state courts to initiate a new action on his behalf, the Court lacks the authority to grant such relief. The Court notes, however, that it dismissed Traylor's complaint without prejudice, and he is free to file a complaint in state court should he desire.

As a final note, Traylor asks to be sent "the entire file." ECF No. 9. Again, the Court is not entirely sure the extent of Traylor's request. The only filings in this case are his complaint, his objections to a Report and Recommendation, and those generated by the Court in response to his complaint and objections. Traylor was sent those filings generated by the Court and should have copies of his complaint and objections. And Traylor did not include any exhibits to his complaint, which pro se litigants often request the return of because the litigant did not otherwise have copies. Nevertheless, the Court will instruct the Clerk to print and mail Traylor's complaint to Traylor, ECF No. 1, alongside this order.

## CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Traylor's Motion for Relief from Judgment or Order (ECF

No. 9) is **DENIED**.  When the Clerk mails this order, it must include Traylor's complaint, ECF No. 1.

Dated: September 8, 2025                              <u>s/Laura M. Provinzino</u>
                                                      Laura M. Provinzino
                                                      United States District Judge